United States District Court
Southern District of Texas
**ENTERED**
January 09, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM SCOTT RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-343 |
| | § | |
| RAMIRO HERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Adam Scott Richards is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently confined at the Terrell Unit in Rosharon, Texas. Plaintiff is serving: (1) a life sentence for capital murder with a deadly weapon out of Duval County; and (2) a 40-year sentence for aggravated sexual assault out of Jim Hogg County. Plaintiff was sentenced as to both convictions on May 8, 1992.

In this civil rights action, Plaintiff sues Ramiro Hernandez who is the court reporter for Duval, Jim Hogg, and Starr Counties. Plaintiff contends that Defendant's actions in failing to send him requested trial transcripts have prevented him from challenging his capital murder conviction through a habeas corpus action. In addition to monetary relief, Plaintiff seeks to be provided with copies of his requested transcripts.

A *Spears*[2] hearing was conducted on December 20, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1). Plaintiff was taken into TDCJ custody on or about May 13, 1992. He recently was transferred to the Terrell Unit. Plaintiff testified that he first sought copies of his

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

trial transcripts for his convictions in December 1992. Plaintiff, however, was unsuccessful in obtaining copies of these transcripts during the 1992-1993 timeframe.

Defendant is currently responsible for court recordings and transcripts from Duval, Jim Hogg, and Starr Counties. Plaintiff's wife contacted Defendant through a series of emails beginning in April 2017. In Defendant's correspondence with Plaintiff's wife, Defendant informed her that he had the trial transcripts on compact discs (CDs). Defendant, however, later wrote that he did not know where some of the CDs were located, that one CD was broken, and another CD had been thrown away. Defendant then wrote that he had possession of the CDs but could not retrieve any information off them. In July 2018, Plaintiff's wife offered to pay for information to be extracted off the CDs. Defendant declined this offer. Plaintiff reiterated at the *Spears* hearing that he is willing to pay for the trial transcripts.

Plaintiff testified at the *Spears* hearing that he needs the trial transcripts to challenge his capital murder conviction. Plaintiff neither filed a direct appeal from his capital murder conviction nor sought to challenge it through a state or federal habeas corpus petition. In his 1992 state criminal proceeding, Plaintiff was represented by counsel. According to Plaintiff, his trial counsel coached him into changing his original not guilty plea to a guilty plea. Plaintiff testified before the undersigned that the delay of more than 25 years to raise a claim of actual innocence was because he did not understand how to raise this claim. Plaintiff seeks the trial transcripts in order to collaterally attack his capital murder conviction through a habeas petition as such transcripts will: (1) support his claim that his guilty plea was involuntary; and (2) allow

him to assert a claim of actual innocence based on his belief that another individual may have had motive to commit the murder.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of

facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

**IV.     DISCUSSION**

Liberally construed, Plaintiff claims that Defendant's actions in failing to provide him with his requested trial transcripts have violated his First Amendment right of access to the courts. Plaintiff asserts that Defendant's failure to fulfill his duties and provide

Plaintiff with the requested transcripts have prevented him from filing a habeas corpus petition.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones*, 188 F.3d at 325 (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis*, 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id*. at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant

was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

In *Martin v. Ramos*, No. 1:15-CV-171, 2015 WL 13446269 (E.D. Tex. Jun. 16, 2015), Magistrate Judge Keith F. Giblin considered a claim similar to the one raised by Plaintiff. Based on allegations that the named defendants had failed to respond to requests for copies of his state trial transcripts, inmate Ernest Martin claimed he was denied the right to access the courts through the filing of a state habeas action. *Id*. at *1. Judge Giblin recommended that inmate Martin's First Amendment claim for denial of access to courts be dismissed, explaining that:

> [P]ursuant to Article 11.07, Section 3(d) of the Texas Code of Criminal Procedure, it is the responsibility of the convicting court, the district clerk and the designated court reporter to submit such documents only if the convicting court determines there are controverted, previously unresolved facts which are material to the legality of the applicant's confinement. Tex. Code of Crim. P. 11.07, Section 3(d). If such a determination is made, those documents are sent directly to the Texas Court of Criminal Appeals by the state court along with other relevant documents. There is nothing outlined in Article 11.07 that requires an applicant to have those documents in order to file his state application for writ of habeas corpus. Plaintiff cites to no authority indicating he is entitled to such documents in order to file his state writ of habeas corpus. Furthermore, plaintiff cannot establish these defendants denied him access to courts when state procedures do not mandate such a requirement and provide another mechanism for the transcripts and documents to be transmitted to the Texas Court of Criminal Appeals.

*Id*.

Following the reasoning in *Martin*, Plaintiff likewise fails to state a First Amendment claim as state procedures neither mandate that Plaintiff have access to trial

transcripts before filing a state habeas petition nor require Defendant to provide him with access to his requested trial transcripts before such filing.[3] Plaintiff's testimony at the *Spears* hearing further reveals he was present at the trial court hearing in which he alleged he had been forced to change his plea to a guilty one. Because he is personally aware of the facts supporting his challenge to his guilty plea as involuntary, he does not need the trial transcripts to raise such a claim as part of a state habeas petition.[4] Plaintiff further alleges no facts to suggest that his lack of access to the trial transcripts prevents him from advancing any claims or evidence involving actual innocence in a habeas petition.

Accepting Plaintiff's allegations as true, he fails to state a plausible First Amendment claim for denial of access to courts because such allegations fail to suggest he will suffer prejudice as a litigant in any future habeas corpus action. Because he fails to allege an actual injury, the undersigned respectfully recommends that Plaintiff's First Amendment claim against Defendant be dismissed as frivolous and/or for failure to state a claim for relief.

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable constitutional claim in this action against Defendant, it is respectfully recommended that Plaintiff's complaint be

---

[3] Furthermore, should Plaintiff file a state habeas petition, it is likely that the trial transcripts he seeks will eventually become part of the record for the state habeas court to consider.

[4] While Texas law does not have a statute of limitations with regard to the filing of state habeas petitions, Plaintiff is subject to a one-year statute of limitation from the date his conviction became final to file a federal habeas corpus petition. 28 U.S.C. 2244(d)(1). Thus, with regard to any claim he was denied access to the courts in filing a federal habeas petition, Plaintiff also cannot show prejudice due to Defendant's conduct as any federal habeas petition would be barred by the running of the one-year limitation period.

**DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is respectfully recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 9th day of January 2019.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).