United States District Court
Southern District of Texas
**ENTERED**
March 01, 2021
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ADAM SCOTT RICHARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:18-CV-343 |
| | § | |
| RAMIRO  HERNANDEZ, | § | |
| | § | |
| Defendant. | § | |

## ORDER

The Court is in receipt of the Magistrate Judge's Memorandum and Recommendation ("M&R") to dismiss this case with prejudice and to count the dismissal as a strike. Dkt. No. 13. The Court is also in receipt of Plaintiff Adam Scott Richards ("Richards") "Appeal of Magistrate Judge Decision" which the Court will construe as objections. Dkt. No. 14.

Richards' complaint contends that Defendant Ramiro Hernandez ("Hernandez"), the official court reporter for Duval, Jim Hogg and Starr Counties, prevented him from challenging his conviction by failing to send him a transcript of the evidence from his criminal proceeding. Dkt. No. 1. Richards was convicted in 1992 and first sought his transcripts between 1992 and 1993 and not again until 2017. Richards did not appeal his conviction and never filed a habeas action. The Magistrate Judge recommends dismissing the complaint because Richards has failed to state a cognizable constitutional claim as he has not shown how he was prejudiced by the failure to produce transcripts. Dkt. No. 13.

The Court reviews objected-to portions of the Magistrate Judge's proposed findings and recommendations de novo. 28 U.S.C. § 636(b)(1). Jones' objection is conclusory, general, and contains no arguments that the M&R has not already considered. *See* Dkt. No. 14; *Battle v. United States Parole Comm'n*, 834 F.2d 419

(5th Cir. 1987) (determining that a district court need not consider frivolous, conclusive, or general objections).

Richards objections all relate to his conviction and do not concern the legal issues discussed in the M&R. Dkt. No. 14. The Court **OVERRULES** Richards objections as frivolous. *See Battle*, 834 F.2d 419.

Richards' underlying concern is well taken, if the transcript for his criminal proceeding has been destroyed his rights in challenging his conviction could be harmed. Yet, as the M&R indicated, Richards would need to commence a state habeas action to invoke the procedures which require the production of court documents. *See* Dkt. No. 13. Without such a proceeding, or other statutory authority, Richards' complaint relies on a freestanding constitutional right to court documents which does not exist.

After review of the record, briefing and relevant law, the Court **ADOPTS** the M&R in its entirety, Dkt. No. 13. Accordingly, the Court **DISMISSES** Richard's complaint with prejudice for failure to state a claim for relief.

SIGNED this 1st day of March, 2021.

Hilda Tagle
Senior United States District Judge